UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                             )
                                   )
EVANS BUILT HOMES, LLC             )          CASE NO. 18-90007-BHL-7
                                   )
                    DEBTOR.        )

**MOTION TO COMPROMISE AND SETTLE**
**AND NOTICE OF OBJECTION DEADLINE**

Kathryn L. Pry, Trustee herein for the bankruptcy estate of Evans Built Homes, LLC

("Debtor"), by counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, petitions the

Court for authority to settle and compromise certain claims the estate has against the Debtor on

the following grounds:

**BACKGROUND**

1.      This case was filed under Chapter 7 of the Bankruptcy Code on January 2, 2018

(the "Petition Date").  The Trustee is the duly appointed and acting trustee in this matter.

2.      On September 20, 2018, Trustee made demand on Miller Heating and Cooling

("Miller") regarding an alleged preferential transfer of $9,537.00 from the Debtor to the Miller

that allegedly occurred in the three months prior to the Petition Date.

3.      In order to avoid the costs of litigation and with no admission of fault, Miller has

agreed to pay the lump sum of $4,768.50 (the "Settlement Payment").  In exchange, at the time

of the Settlement Amount is paid in full, the Trustee shall release any claim she may have

against Miller.

**RELIEF REQUESTED**

4.      By this Motion, the Trustee requests that the Court enter an Order Approving

Settlement Agreement, whereby the Court authorizes the Trustee to settle the claims asserted against

the Debtor pursuant to the terms set forth above.

**BASIS FOR GRANTING RELIEF**

5.      Federal Rule of Bankruptcy Procedure 9019(a) provides that the Court may approve a compromise or settlement after motion by the Trustee, notice to creditors and a hearing.  Section 102 of the Bankruptcy Code provides that notice and a hearing means after appropriate notice and opportunity for a hearing, but authorizes action without a hearing if no timely request is made.

6.      Approval of a proposed settlement rests solely in the discretion of the bankruptcy court.  *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992).  While the Court must "determine whether the proposed settlement is fair and equitable and in the best interests of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement.  *Depoister v. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994).  Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts and it may give weight to the trustee's informed judgment and consider the competency and experience of counsel supporting the compromise.  *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582 (7th Cir. Ill. 1994); *In re Int. Distr. Ctrs., Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

7.      The factors relevant to the Court's inquiry include (a) the probability of success in the litigation; (b) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (c) the paramount interest of creditors.  *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987).

8.      The Trustee believes that the settlement is a reasonable exercise of sound business judgment and in the best interest of Debtor's estate for the following reasons:

      (i)      the settlement is within the scope of what would be recovered with a trial;

      (ii)      there is a risk at trial that the Trustee will not prevail, or may prevail only partially on the merits; and

      (iii)      acceptance of this compromise offer will avoid litigation and collection expenses, which may outweigh any additional recovery that the Trustee may achieve.

NOTICE: **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to enter an order affecting the property, or if you want the court to consider your views on the motion, then on or before January 2, 2019, you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

**New Albany**
110 U.S. Courthouse
121 W. Spring Street
New Albany, IN 47150

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:
James T. Young
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Ste. 1400
Indianapolis, IN 46204
james@rubi-levin.net

If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting the property.

**WHEREFORE,** the Trustee respectfully petitions the Court for an order: (1) approving

this compromise and settlement on the terms and conditions set forth in this motion;  (2)

authorizing the Trustee to execute all necessary documents and releases as required to complete

the settlement; and (3) for all other just and proper relief.

Respectfully submitted,
RUBIN & LEVIN, P.C.
Attorneys for Trustee

By: /s/ James t. Young
James T. Young, Atty. No. 13834-71
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN  46204
(317) 634-0300; FAX (317) 453-8613
james@rubin-levin.net

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| United States Trustee | ustpregion10.in.ecf@usdoj.gov |
| Kathryn L. Pry | kpry.trustee@att.net |
| Steven S. Lohmeyer | lohmeyerlaw@aol.com |
| Matthew T. Barr | mbarr@rubin-levin.net |
| Joseph L. Mulvey | joseph@mulveylawllc.com |

I further certify that on December 11, 2018, a copy of the foregoing document was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

Miller Heating and Cooling
c/o Mike Brodarick                          mbrodarick@lloydmc.com

Floor Solutions, LLC                        T Mobile/T-Mobile USA Inc.
402 East Market Street                      by American InfoSource LP as agent
New Albany, IN 47150-29+10                  PO Box 248848
                                            Oklahoma City, OK 73124-8848
John R. Vissing
432 E. Court Ave.
Jeffersonville, IN 47130-3489

/s/ James T. Young

James T. Young

JTY/llk
G:\WP80\TRUSTEE\Pry\Evans Built Homes - 86749201\Mtn Comp Miller.wpd