## SETTLEMENT AGREEMENT

Kathyn L. Pry, Trustee (the "Trustee") of the Chapter 7 bankruptcy estate (the "Estate") of Evans Built Homes, LLC ("Debtor"), and 84 Lumber Company, a Limited Partnership formed under the laws of the State of Pennsylvania ("Transferee") for their Settlement Agreement (the "Agreement"), agree as follows:

## RECITALS

A.    Debtor filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on January 2, 2018 (the "Petition Date"), in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 18-90007-BHL-7A

B.    The Trustee alleges that certain payments made by Debtor to the Transferee on November 2, 2017, in the amount of $16,082.97 and November 24, 2017, in the amount of $10,000.00, for the total sum of $26,092.98 were transfers to or for the benefit of Transferee, on account of an antecedent debt owed by the Debtor before such transfers were made, while the Debtor was insolvent within ninety (90) days prior to the Petition Date, and are thus preferential transfers avoidable pursuant to 11 U.S.C. §547(b) (the "Transfers").

C.    All parties signing this Agreement, without admitting or denying any responsibility or liability, desire to amicably resolve all claims of the Estate against the Transferee relating to the Transfers.

## AGREEMENT

NOW THEREFORE, for and in consideration of the covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and Transferee agree as follows:

1.    The parties expressly acknowledge that this Agreement remains subject to Bankruptcy Court Approval (as hereinafter defined, "Bankruptcy Court Approval").   The Trustee shall seek authority from the United States Bankruptcy Court for approval of the settlement provided herein after

this Agreement is executed by all parties.

2.      Within fourteen (14) days following Bankruptcy Court Approval of this Agreement in the form of a Final Order, Transferee shall pay the lump sum of Twenty-Three Thousand Four Hundred and Eighty-Three and 68/100 Dollars ($23,483.68) (the "Settlement Payment") to "Kathrn L. Pry, Bankruptcy Trustee", sent c/o Joseph L. Mulvey, Mulvey Law LLC, 133 W. Market St., No. 274, Indianapolis, IN 46204 in full and complete settlement of the Estate's claim against Transferee for the Transfers.

3.      Effective on Bankruptcy Court Approval of this Agreement and the clearing of the Settlement Payment, except for the obligations created by or arising out of this Agreement, the Trustee and the Transferee mutually release and discharge each other absolutely and forever, of and from any and all now existing or hereafter arising known or unknown actions, claims and demands whatsoever, relating to the Transfers or demand for same.

4.      The parties hereby affirm that they have not relied on any representations not contained herein in connection with execution of this Agreement.

5.      This Agreement constitutes a compromise of a disputed claim, and payment by Transferee to the Trustee of the Settlement Payment is not an admission of liability on the part of Transferee.

6.      This Agreement shall be effective on the execution of the same by all parties.

7.      Each party recognizes that all parties have contributed substantially and materially to the preparation of this Agreement.   This Agreement, or any uncertainty or ambiguity contained herein, shall not be construed against or in favor of either party based on which party or its representatives prepared the Agreement.

8.      This Agreement may be executed in two (2) or more counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument.   This Agreement may be transmitted for execution by electronic facsimile transmission.   The parties intend that faxed

signatures and a faxed Agreement containing the signatures (original or fax) of all the parties be binding on them.

9.    Each person signing this Agreement warrants and represents that:

9.1    The party executing this Agreement has the actual authority and power to so sign, and to bind the person's respective principal to the provisions of this Agreement; and

9.2    All corporate action necessary for the making of this Agreement has been duly taken.

10.    This Agreement shall bind and inure to the benefit of the parties and their respective legal representative, heirs, successors, and assigns.

11.    The invalidity or unenforceability of any particular provision of this Agreement shall not affect the remaining provisions of this Agreement, and this Agreement shall be construed in all respects as if such invalid or unenforceable provision were omitted.

12.    No amendments, modifications, alterations, or additions to this Agreement shall be binding unless made in writing and signed by the parties, or by order of the Court.

13.    This Agreement constitutes the entire agreement of the parties, and all prior negotiations and agreements, whether written or oral, are merged into this Agreement.

14.    All recitals set forth in this Agreement are incorporated by reference and are true and correct.

15.    "Bankruptcy Court Approval" means that the Bankruptcy Court shall have entered a Final Order (as defined below) which approves this Agreement pursuant to Bankruptcy Rule 9019.

16.    "Final Order" means an order or judgment of the Bankruptcy Court as entered on the docket of such court which order has not been reversed, stayed, modified, or amended, and as to which:

3

(a) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely-filed appeal or petition for review, rehearing, remand, or certiorari is pending; or (b) any motion for review or rehearing filed, appeal taken, or petition for certiorari filed has been resolved by the highest court to which the order or judgment was or may be appealed or from which certiorari was or may be sought.

STIPULATED AND AGREED TO AS OF THE DATE SIGNED BY ALL PARTIES.

[Signature Page Follows]

[Signature Page]

Kathryn L. Pry, as Trustee for the Bankruptcy Estate of
Evans Built Homes, LLC

Date: *1-7-19*

By: *Kathryn L Pry, Trustee for the Estate of Evans Built Homes, LLC*

Kathryn L. Pry, as Trustee for the Bankruptcy
Estate of Evans Built Homes, LLC

84 Lumber Company
A Pennsylvania Limited Partnership
Transferee

Date: *01-03-19*

_____
Signature

*Frank Cicero*
_____
Printed

*COO*
_____
Title

**[End of Document]**